UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
FREEDOM MORTGAGE CORPORATION,

                Plaintiff,

-against-

PATRICK ERVIN, NEW YORK CITY PARKING
VIOLATIONS BUREAU, BENEFICIAL
HOMEOWNER SERVICE CORPORATION, and
THE CITY REGISTER OF THE CITY OF NEW
YORK, QUEENS COUNTY,

                Defendants.
------------------------------------------------------------ x

**MEMORANDUM & ORDER**

18-CV-1082 (ENV)(SMG)

VITALIANO, D.J.

    Freedom Mortgage Corporation ("Freedom") commenced this action, pursuant to New York Real Property Actions and Proceedings Law § 1301 *et seq.*, seeking to foreclose a mortgage upon premises at 145-50 158th Street in Jamaica, Queens (the "property"). Defendants are property owner Patrick Ervin, who proceeds *pro se*, and lienholders Beneficial Homeowner Service Corporation, New York City Parking Violations Bureau, and City Register of the City of New York, Queens County (collectively, the "entity defendants"), all of whom have defaulted in this action. Before the Court is the February 12, 2019 Report and Recommendation of Magistrate Judge Steven M. Gold, which recommends that the Court (1) grant in part and deny in part Freedom's motion for summary judgment and enter judgment of foreclosure and sale against Ervin, (2) grant Freedom's motion for default judgment against the entity defendants, and (3) deny Ervin's motion to dismiss. Dkt. 30 (the "R&R"); *see also* Dkts. 17, 22. For the reasons stated below, the R&R is adopted in its entirety.

## Background

    The Court presumes the parties' familiarity with the underlying facts and procedural



1

history, which is recounted here only insofar as is helpful to an understanding of the R&R and the Court's adoption of it.

In 2016, Ervin executed a note to Freedom for a principal amount of $403,555, providing for interest at an annual rate of 3.75%. The mortgage and note obligated Ervin to make monthly payments. The mortgage was in favor of Mortgage Electronic Residential Systems as nominee for Freedom. R&R at 2. Ervin failed to make the June 2017 payment as well as all subsequent payments, triggering the default terms of the note.

Following a well-trod path, Freedom filed this foreclosure action in February 2018, naming Ervin and several subordinate lienholders as defendants. As previewed above, motion practice quickly ensued. Ervin moved to dismiss, arguing that subject matter jurisdiction was lacking and that Freedom failed to comply with N.Y. C.P.L.R. 3408, which requires, as a pre-condition to foreclosure, settlement conferences in state court residential foreclosure actions as the first steps in those proceedings. Freedom moved for summary judgment against Ervin and default judgment against the entity defendants.

Principally, Judge Gold recommended resolution of all motions in favor of Freedom, but did recommend that Freedom's request for an award of hazard and mortgage insurance and tax disbursements be denied. R&R at 18. Judge Gold found that "[n]othing in the documents . . . clearly supports the amounts requested for hazard insurance, PMI/MIP, and tax disbursements," but that such an award might be warranted if Freedom filed a supplemental submission within the 14-day objection period explaining "the basis for its calculations." *Id.* at 14-15. Other than that, Judge Gold recommended an award of

> the following amounts, less a credit of $5,574.06: (a) $391,275.34 in principal owed under the Note and Mortgage; (b) $14,994.60 in interest due under the Note and Mortgage from May 1, 2017 through May 9, 2018; (c) prejudgment interest at a per diem rate of $40.20 from May 9, 2018 until the date judgment is entered; (d)

2

post-judgment interest at the statutory rate from the date judgment is entered until the date the judgment is paid; (e) $672.75 for late charges due under the Note and Mortgage; (f) $120 for advances due under the Note and Mortgage; (g) $2,335 for attorneys' fees; and (h)$1,483.38 for costs and disbursements.

*Id.* at 18. Notice of time to object to the R&R was given, and no defendant has objected. *Id.* at 18-19; Dkt. 31. Plaintiff did, however, file a limited timely objection, seeking the award of hazard and mortgage insurance and tax disbursements. Dkt. 32 ("Objection").

## Standard of Review

In reviewing a magistrate judge's R&R, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge need only be satisfied "that there is no clear error on the face of the record" to accept the R&R, provided no timely objection has been made in writing. *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). The district judge, on the other hand, is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). Significantly, though, objections that are general or conclusory, or that "merely recite the same arguments presented to the magistrate judge," do not constitute proper written objections and are reviewed only for clear error. *Sanders v. City of New York*, No. 12-CV-0113 (PKC) (LB), 2015 WL 1469506, at *1 (E.D.N.Y. Mar. 30, 2015) (citation omitted). Clear error exists "where, upon a review of the entire record, [the district judge] is left with the definite and firm conviction that a mistake has been committed." *Saveria JFK, Inc. v. Flughafen Wien, AG*, No. 15-CV-6195 (RRM) (RLM), 2017 WL 1194656, at *2 (E.D.N.Y. Mar. 30, 2017).

Discussion

As anticipated by Judge Gold, Freedom objected to the denial of its request for an award of hazard and mortgage insurance and tax disbursements. *See* R&R at 13-15; Objection. The disconnect on Freedom's motion papers on this point was the very reason Judge Gold gave for his suggestion that it file proof to resolve the gaps between Freedom's affidavit and supporting documentation. As Judge Gold explained more specifically, the disbursements claimed by Freedom were not supported by the documents. R&R at 14. Rather than supplement its documentation or explain how its damages calculation as to these items was supported by the documentation it had filed, Freedom elected to file a simple objection which refers generally to the affidavit and business records, concludes that they are legally sufficient, and notes that Ervin did not dispute the amounts sought. *See* Objection at 2-4 (citing Dkt. 23-1 ("Tracy Aff.")).

Contrary to Freedom's understanding, the fact that Ervin did not dispute the amounts it sought in its motion does not in any way help satisfy its burden to prove damages *to a reasonable certainty*. *See* R&R at 14. Freedom asks the Court to modify the R&R to award the additional damages, or, alternatively, to afford it "the opportunity to file supplemental papers in support of the damages claimed." Objection at 4-5. Yet, having already been afforded that opportunity twice over—first, on the summary judgment motion itself, and second, when granted on the R&R—and having failed to make the most of these opportunities, Freedom is not entitled to, and will not be granted, a third bite at the apple. Accordingly, its objection is overruled and, on *de novo* review, this portion of the R&R is adopted without modification.

As noted above, Freedom did not object to Judge Gold's remaining recommendations, nor have defendants filed any objection. Thus, clear-error review applies to the remainder of the R&R. *See Dafeng Hengwei Textile Co. v. Aceco Indus. & Commercial Corp.*, 54 F. Supp. 3d

279, 283 (E.D.N.Y. 2014). Having carefully reviewed the remainder of the R&R in accordance with this standard, the Court finds it to be correct, well-reasoned, and free of any clear error. Therefore, the R&R, in its entirety, is adopted as the opinion of the Court.

## Conclusion

In line with the foregoing adoption of Judge Gold's R&R, Ervin's motion to dismiss is denied and Freedom's motion for summary judgment is granted to the extent that judgment of foreclosure and sale shall enter against Ervin. Default judgment shall enter against Beneficial Homeowner Service Corporation, New York City Parking Violations Bureau, and City Register of the City of New York, Queens County, and their interests in the property are hereby terminated. Judgment is awarded to Freedom in the following amounts, less a credit of $5,574.06:

(a) $391,275.34 in principal owed under the Note and Mortgage;

(b) $14,994.60 in interest due under the Note and Mortgage from May 1, 2017 through May 9, 2018;

(c) prejudgment interest at a per diem rate of $40.20 from May 9, 2018 until the date judgment is entered;

(d) post-judgment interest, at the statutory rate under 28 U.S.C. § 1961, from the date judgment is entered until the date the judgment is paid;

(e) $672.75 for late charges due under the Note and Mortgage;

(f) $120 for advances due under the Note and Mortgage;

(g) $2,335 for attorneys' fees; and

(h) $1,483.38 for costs and disbursements.

Having failed to establish them at inquest, Freedom's motion for additional damages is

denied. By June 28, 2019, Freedom shall file on ECF a proposed order appointing a referee, to be selected from among the Brooklyn attorneys on the OCA Part 36 Eligible Fiduciary List, to effectuate the sale of the property. Freedom shall serve this Order on all defendants and file proof of service on ECF by June 20, 2019.

So Ordered.

Dated: Brooklyn, New York

      June 14, 2019

                                        /s/ USDJ ERIC N. VITALIANO
                                            ERIC N. VITALIANO

                                            United States District Judge